UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOE WASHINGTON<br>    LA. DOC #87827<br>VS. | CIVIL ACTION NO. 6:09-1432<br><br>SECTION P<br><br>JUDGE DOHERTY |
| OFFICER YVETTE, ET AL. | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Joe Washington, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on August 4, 2009.  Washington is currently incarcerated at the C. Paul Phelps Correctional Center.  Washington complains that he was denied adequate medical care after being involved in a motor vehicle accident on February 17, 2009, while he was participating in a work-release program associated with the Lafayette Parish Correctional Center (LPCC).  Plaintiff names Officer Yvette, Deputy Lee, and Sheriff Neustrom as defendants. He prays for compensatory and punitive damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the plaintiff's federal claims be **DISMISSED WITH PREJUDICE** as frivolous and that the court decline to exercise supplemental jurisdiction and dismiss any state law claims **WITHOUT PREJUDICE.**

## FACTUAL BACKGROUND

The original complaint provides few factual details to support Washington's claim. Washington alleges that on February 17, 2009, he was participating in the LPCC Work Release Program. As he and his fellow inmates were en route to work, transportation officer Yvette backed into a parked van on the work release facility's property. Washington complains that "no one was ask or give medical attention." Washington alleges that he sustained injuries to his back and neck, which caused him to lose his prison job.

Because there was insufficient factual basis for Washington's claims in his original complaint, Washington was directed to amend his complaint to provide more specific information, including a description of the injury he claims to have sustained as a result of the accident, and the treatment he requested and was denied. Washington was also instructed on the law applicable to his inadequate medical care claim, and more specifically, the deliberate indifference standard, and was accordingly ordered to file an amended complaint to "set forth the factual basis for a claim of deliberate indifference on the part of each defendant." [rec. doc. 6].

In response to this court's Order, on December 14, 2009, Washington filed an amended complaint in which he again provides an insufficient factual basis for his inadequate medical care claim. He again alleges that "no one asked or given medical attention . . . ." He further conclusorily alleges that Officers Yvette and Lee violated his

constitutional rights by "not provide plaintiff medical attention." Washington adds that when he informed Deputy Lee of his injury, Lee advised that should he insist on medical attention, he [Washington] would have to pay $50 for a hospital visit.  Washington apparently did not want to pay for the visit and was thereafter transferred to Hunt Correctional Center, thus causing him to lose his prison job.

Washington further alleges that Neustrom has supervisory authority over Officer Yvette and Lee and faults Neustrom for operating the work-release program in an "unsatisfactory manner".  Washington additionally alleges that this court has supplemental jurisdiction over his unspecified claims asserted under Louisiana state law. He requests compensatory and punitive damages, as well as a declaratory judgement that his constitutional rights were violated "by not provide plaintiff medical attention."  [rec. doc. 7].

## LAW AND ANALYSIS

*Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. § 1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Petitioner has been afforded an opportunity to provide a sufficient factual basis to support a constitutional inadequate medical care claim. Considering the allegations in plaintiff's original and amended complaints, and accepting those allegations as true, for the reasons which follow, Washington's complaint, nevertheless fails to set forth a constitutional claim.

**Medical Care Claim**

Washington complains that Officers Yvette and Lee denied him adequate medical care after Yvette backed into a parked van at the work release facility. To state a constitutional claim for lack of medical care, Washington must prove that prison or jail officials were "deliberately indifferent" to his "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir.1996) (*en banc*); *Sibley v. LeMaire*, 184 F.3d 481, 489 (5th Cir. 1999); *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Plaintiff has not made this showing.

Deliberate indifference is an extremely high standard to meet. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) *citing Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). The plaintiff must allege and be able to prove that each named defendant has been deliberately indifferent to his serious medical needs or the claim is subject to dismissal as frivolous. *Graves v. Hampton*, 1 F.3d 315, 319-20 (5th Cir. 1993), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994); *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.

5

1999). Deliberate indifference cannot be proven through cumulative group acts, but, rather, "each defendant's subjective deliberate indifference, *vel non*, must be examined separately." *Stewart*, 174 F.3d at 537.

It is not enough to demonstrate that the defendant was negligent, rather it must be shown that the actions were so reckless as to amount to deliberate indifference. *Sibley v. LeMaire*, 184 F.3d 481, 489 (5th Cir. 1999). Thus, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459.

In this case, plaintiff has not shown that any of the named the defendants have been deliberately indifferent to his serious medical needs. To the contrary, there are no allegations in support of any such claim against Officer Yvette or Sheriff Neustrom. Moreover, plaintiff's allegations establish only that he was advised by Officer Lee that he would be required to pay fifty dollars for any treatment he could receive at a hospital. Washington does not claim that he was unable to pay for the services[1], or that the services were unavailable to him, his sole complaint is that the available services were not free of charge.

Charging inmates for medical care does not violate the Eighth Amendment's prohibition against cruel and unusual punishment. There is no constitutional right to free

---

[1] Even if there was such an allegation made, given that Washington was employed in the Lafayette work-release program at the time of the accident, it seems unlikely that the court could find that Washington was unable to pay, or lacked the resources to enable him to pay, the nominal fee requested by Lee.

medical care. *Hutchinson v. Belt,* 957 F. Supp. 97, 100 (W.D. La. 1996) (citations omitted); *Reynolds v. Wagner*, 128 F.3d 166, 174 (3rd Cir. 1997); *see also City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244-45 & n. 7, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983) (recognizing that, although the state must provide inmates with basic medical care, the question of who must pay for such services is a matter of state law). Charging inmates for medical care, furthermore, is not *per se* unconstitutional. *Reynolds*, 128 F.3d at 174; *Shapley v. Nevada Bd. of Prison Comm''s*, 766 F.2d 404, 408 (9th Cir. 1984).

At best, the complaint and amended complaint show that the defendants may have acted negligently with regard to plaintiff's alleged injury. However, actions which are merely inept, erroneous or negligent do not satisfy the high standard of deliberate indifference. *Doe v. Dallas Independent School District*, 153 F.3d 211, 219 (5th Cir. 1998). Moreover, negligence and even medical malpractice does not implicate the Eighth Amendment and does not provide a basis for a § 1983 claim. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Graves v. Hampton*, 1 F.3d 315, 319-20 (5th Cir. 1993); *Stewart,* 174 F.3d at 534.

Additionally, plaintiff has not shown that his medical needs were "serious." Although plaintiff was afforded an opportunity to provide more specific information concerning his alleged neck and back injury, he has failed to do so. Plaintiff conclusorily alleges that he suffered a neck and back injury as a result of what appears to be a minor

accident in the parking lot of the work release facility.

Under the circumstances presented in this case, plaintiff's non-specific neck and back complaints do not constitute a "serious medical need" as contemplated in the jurisprudence. *See Wesson v. Oglesby*, 910 F.2d 278 (5th Cir. 1990) (holding that swollen wrists with some bleeding does not constitute a "serious medical need"); *Banuelos v. McFarland*, 41 F.3d 232 (5th Cir. 1995) (exacerbation of an old ankle injury as a result of working in hard soled boots does not involve medical problem that is "serious").

Rather, it appears that plaintiff's alleged injury is *de minimis* and does not rise to the level of constitutional significance. *See Gomez v. Chandler*, 163 F.3d 921 (5th Cir. 1999) (require a claimant to show some physical injury which is more than *de minimis* to support an Eighth Amendment claim); *Jackson v. Culbertson,* 984 F.2d 699 (5th Cir. 1993); *Siglar v. Hightower,* 112 F.3d 191 (5th Cir. 1997).[2]

The Fifth Circuit has not offered a definition of what constitutes a "serious medical need", nor has the court defined what constitutes a *de minimis* injury, as opposed to an injury of constitutional significance. However, the Northern District of Texas has articulated that a *de minimis* injury "is not a sore muscle, an aching back, a scratch, an

---

[2] While *Hudson, Jackson, Gomez* and *Siglar* involved excessive force claims under the Eighth Amendment, the undersigned finds that the reasoning of the Fifth Circuit is applicable in other Eighth Amendment cases such as the one before this court. *See also* 42 U.S.C. § 1997e(e) requiring a prisoner to show that he has sustained a physical injury in order to support a claim for mental or emotional suffering. This section provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."

abrasion, a bruise, etc. . . . ." *Luong v. Hatt*, 979 F.Supp. 481, 486 (N.D.Tex. 1997). This reasoning was based upon the court's observation that free people, in their regular and ordinary course of events and activities in their daily lives, tolerate those problems and do not seek medical care. *Id.* The undersigned finds this reasoning persuasive.

Accordingly, the undersigned finds that plaintiff's alleged neck and back complaints following a minor accident, for which a free person would treat with over the counter at home remedies, as opposed to emergency or specialized medical care, does not rise to the level of a "serious medical need", but rather is in the realm of a *de minimis* injury, and as such has no constitutional significance.

For these reasons, plaintiff's medical care claim should be dismissed as frivolous and as failing to state a claim upon which relief may be granted.

**Loss of Prison Job**

To the extent that Washington complains that his transfer to another facility following the accident caused him to lose his prison job with the Lafayette work-release program, that claim is frivolous. Prisoners do not have any constitutional right to a particular job assignment or to any employment opportunity. *Tighe v. Wall,* 100 F.3d 41, 42-43 (5th Cir. 1996) *citing Olim v. Wakinekona,* 461 U.S. 238, 244-45, 103 S.Ct. 1741, 1745, 75 L.Ed.2d 813 (1983) and *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995); *Oladipupo v. Austin*, 104 F. Supp.2d 626, 638 (W.D. La. 2000). Therefore, plaintiff's claim regarding the loss of his job should be dismissed with

prejudice as frivolous.

**Supplemental Jurisdiction**

Washington has not clearly articulated the basis for his state law tort claims. However, it appears that he may be asserting claims for negligence in connection with Officer Yvette's operation of the vehicle in which he was a passenger, as well as a claim against Sheriff Neustrom under a theory of *respondeat superior* liability and for his allegedly "unsatisfactory" operation of the work release program. In light of the above, the undersigned has recommended that all federal claims asserted against the defendants be dismissed. Accordingly, no federal question will remain before this court.

A district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3); *Nowell v. Acadian Ambulance Service*, 147 F. Supp.2d 495, 510 (W.D. La. 2001). Indeed, when a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims. *Id. citing Bass v. Packwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999) *citing Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989). However, the dismissal should be without prejudice. *Id*. The undersigned therefore recommends that this court decline supplemental jurisdiction over any the state law claims asserted by Washington, and that those claims be dismissed without prejudice.

For these reasons;

**IT IS RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous and as failing to a claims for which relief may be granted pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(i) and (ii) and 1915A(b)(1) and (2);

**IT IS FURTHER RECOMMENDED** that plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*,**

**79 F.3d 1415 (5th Cir. 1996).**

    In chambers, Lafayette, Louisiana, March 17, 2010.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE